UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> DARREN JAY DENNISON, <br> Defendant. | Case No. 06-cr-00614-JW-1 <br><br> **ORDER DENYING REQUEST FOR PROBATION VIOLATION TO RUN CONCURRENT WITH STATE SENTENCE** <br><br> Re: Dkt. No. 45 |

Before the court is the request of defendant Darren Jay Dennison to allow him to negotiate, settle, or have any U.S. Probation violation ordered to run concurrently with his current life sentence in state prison. Dkt. no. 45. Defendant was convicted and sentenced on June 21, 1989, in the United States District Court for the District of New Mexico; his supervision was transferred to the Northern District of California effective September 6, 2006. The docket reflects that on November 16, 2007, the court issued a no bail arrest warrant upon finding that a Form 12 petition submitted by the United States Probation Office presented probable cause to believe that defendant had violated the conditions of his supervised release. Dkt. no. 26. On October 19, 2009, defense counsel moved to dismiss the pending federal probation petition due to defendant's conviction in state court on related state charges. Dkt. no. 42.

By order entered February 18, 2010, the court dismissed the pending petitions for revocation of supervised release and vacated any outstanding federal warrants related to the petitions, based on the parties' representations that "Defendant has now been sentenced in state court pursuant to the California Three-Strikes law and is serving 25

years to life imprisonment." Dkt. no. 43. Accordingly, no federal petitions for violations of supervised release are pending. Defendant's request to have his U.S. Probation violation run concurrently with his state sentence is therefore DENIED AS MOOT.

Defendant also asks to have his federal prison number retired or discharged, and to eliminate this issue from his record. The court does not have authority over the record-keeping practices of the Bureau of Prisons, which is part of the executive branch of the federal government. *See United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam). To the extent that defendant seeks expungement of his federal criminal conviction, he fails to present a basis to expunge his criminal records either on statutory grounds or under the court's limited inherent authority to expunge the record of an unlawful arrest or conviction, or to correct a clerical error. *U.S. v. Crowell*, 374 F.3d 790, 792-93 (9th Cir. 2004); *U.S. v. Sumner*, 226 F.3d 1005, 1012-14 (9th Cir. 2000). Accordingly, defendant's request to retire, discharge or eliminate his federal prison number or federal criminal record is DENIED.

**IT IS SO ORDERED.**

Dated: August 16, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge